**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID WAYNE FORD,** | § | |
| *Plaintiff* | § | |
| | § | **A-19-CV-00619-LY-SH** |
| **v.** | § | |
| | § | |
| **DON JACKSON, BLANCO COUNTY** | § | |
| **SHERIFF,** | § | |
| *Defendant* | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before this Court are David Wayne Ford's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1); Petitioner's Motion to Appoint Special Investigator (Dkt. No. 6); and Petitioner's Motion for Order of Emergency Reprieve and Stay of Court Proceedings (Dkt. No. 8). On July 18, 2019, the District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. BACKGROUND

The State of Texas ("State") has charged Petitioner with the crimes of engaging in organized criminal activity and forgery, in violation of §§ 71.02 and 32.21 of the Texas Penal Code. Petitioner is currently being detained in the Blanco County Jail in Johnson City, Texas, and his criminal trial has is scheduled to begin on August 26, 2019. In the instant Petition for Habeas Corpus under 28 U.S.C. § 2241, Petitioner alleges that he is being illegally detained by the State. Specifically, Petitioner claims that the State (1) is prosecuting him for crimes that he did not

commit, (2) failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963),

(3) is violating the Double Jeopardy Clause, (4) has set an excessive bail, and (5) has denied him

access to the law library. Petitioner requests that the District Court order that he be released from

custody and "any other relief" that the Court deems appropriate. Dkt. No. 1 at p. 9.

## II. ANALYSIS

It is well established that a state pretrial detainee, such as Petitioner, may challenge the

power and authority of the state to bring him to trial and the constitutionality or lawfulness of his

present confinement by petition for writ of habeas corpus pursuant to § 2241. *See Braden v. 30th*

*Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489-90 (1973); *Dickerson v. Louisiana*, 816 F.2d 220,

224 (5th Cir. 1987). A state pretrial detainee may proceed under § 2241 if two requirements are

satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at

224. Second, the petitioner must have exhausted his available state remedies. *Id.* As noted above,

Petitioner is being detained at Blanco County Jail while he awaits his criminal trial. Accordingly,

he is "in custody" for purposes of § 2241. However, Petitioner must also show that he has

exhausted his state remedies.

Section 2241 does not contain an exhaustion of state remedies requirement. However, it

has long been settled that a § 2241 petitioner must exhaust available state court remedies before a

federal court will entertain a challenge to state detention. *See Dickerson*, 816 F.2d at 225. As the

Fifth Circuit has explained:

> Despite the absence of an exhaustion requirement in the statutory
> language of section 2241(c)(3), a body of case law has developed
> holding that although section 2241 establishes jurisdiction in the
> federal courts to consider pretrial habeas corpus petitions, federal
> courts should abstain from the exercise of that jurisdiction if the
> issues raised in the petition may be resolved either by trial on the
> merits in the state court or by other state procedures available to the
> petitioner.

*Id.* "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). However, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and [Petitioner] bears the burden of demonstrating the futility of administrative review." *Id.*

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In the instant case, Petitioner has failed to present any evidence that he has sought state habeas relief or otherwise presented the claims he raises in the instant federal habeas petition to any state court. Consequently, petitioner has not exhausted his state court remedies. Petitioner has not shown that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights, nor has he argued, much less shown, any extraordinary circumstances warranting excusal from the exhaustion requirement. Accordingly, pretrial habeas interference by this Court in the normal functioning of the state's criminal processes is not authorized, and Petitioner is not entitled to seek federal habeas corpus relief at this time. *Braden*, 410 U.S. at 493. This Petition should be dismissed without prejudice subject to Petitioner's right to seek federal habeas corpus relief after the state proceedings are concluded.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** without prejudice Petitioner David Wayne Ford's Petition for Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** Petitioner's Motion to Appoint Special Investigator (Dkt. No. 6), and Petitioner's Motion for Order of Emergency Reprieve and Stay of Court Proceedings (Dkt. No. 8). **IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 13th day of August, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE